# ENTRY ORDER

## 2018 VT 135

## SUPREME COURT DOCKET NO. 2018-075

## DECEMBER TERM, 2018

| | | |
|---|---|---|
| In re Phyllis McCoy-Jacien, Esq. (Office of Disciplinary Counsel) | } } } } } | Original Jurisdiction |
| | | Professional Responsibility Board |
| | | PRB NO. 2018-024 |

In the above-entitled cause, the Clerk will enter:

¶ 1.     On December 10, 2018, respondent was personally served with a copy of this Court's order of the same date, which set forth the conditions that respondent needed to satisfy to purge her contempt. The December 10, 2018 order is attached as part of this decision. The Court issued an amended order on December 11, 2018, which allowed the trustee to take possession of respondent's Vermont client files containing clients' papers or property and to contact respondent's clients to return their files.

¶ 2.     On December 10, 2018, respondent appeared in the Superior Court, Rutland Unit, Criminal/Family Division pursuant to an arrest warrant issued by this Court. This Court conducted a hearing by telephone. Respondent provided information to the Court concerning the purge conditions. She was released from custody after accepting service of an order that required her to meet the trustee at her law office on December 11, 2018.

¶ 3.     On December 11, 2018, the trustee submitted an affidavit with this Court detailing respondent's compliance with the purge conditions set by this Court. He states that respondent does not have any pending matters involving Vermont clients; she did not have co-counsel in pending matters; and there are no opposing counsel or adverse parties. Subject to confirmation from respondent's review of respondent's computer files and reexamination of materials in her law office, as described below, the trustee believes that respondent has provided him with the last known contact information and property from Vermont clients so as to enable him to return to these clients their property and files.

¶ 4.     As set forth in his affidavit, the trustee accompanied respondent to her law office, located in Whitehall, New York. Respondent identified and delivered to the trustee five files involving Vermont clients that contained client property. Respondent agreed that she would reexamine her banker boxes, filing cabinets, and computer files to confirm that the five files she transferred to the trustee represented all of the files that contain "property to which the [Vermont] clients are entitled to have returned to them, including and not limited to original documents, deeds, wills, trusts for the return of said papers, other property and files" as required by this Court. Respondent agreed to contact the trustee if she finds any additional files containing property of her former Vermont clients and allow the trust to meet with her again to have access to her office and files.

¶ 5.     Finally, the trustee avers that he is in possession of the records of respondent's Vermont IOLTA accounts, which appear to be inactive and do not appear to contain any fees paid in advance that have not been earned.

¶ 6.    Based on information provided by respondent at the hearing and that set forth in the trustee's affidavit, we conclude that respondent has purged her contempt.

¶ 7.    The trustee was appointed in this case on March 29, 2018, as part of this Court's order suspending respondent's license to practice law for nine months. He was appointed "to inventory the files of the respondent, and to take action as seems indicated to protect the interests of . . . respondent's clients." Administrative Order 9, Rule 24. Given respondent's recent cooperation, that process is now underway. It will be completed upon the submission of the trustee's written confirmation, based on respondent's reexamination of her files and any additional examination by the trustee of respondent's office and files, that respondent has provided him with the last known contact information and property of Vermont clients and his affirmation by affidavit that he has completed the inventory of respondent's files and taken the actions required to protect the interests of respondent's clients.

<u>Respondent is no longer in contempt of this Court's September 12, 2018 order</u>.

BY THE COURT:

☒ Publish

☐ Do Not Publish

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice

2

SUPREME COURT DOCKET NO. 2018-075

DECEMBER TERM, 2018

VERMONT SUPREME COURT
FILED IN CLERK'S OFFICE

DEC 1 0 2018

In re Phyllis McCoy-Jacien, Esq. (Office of
Disciplinary Counsel*)

    }   APPEALED FROM:
    }
    }
    }
    }   Original Jurisdiction
    }
    }   PRB DOCKET NO. 2018-024

In the above-entitled cause, the Clerk will enter:

On October 18, 2018, this Court held respondent Phyllis McCoy-Jacien, Esq. in contempt for failing to comply with an order of this Court. Respondent was provided the opportunity to purge her contempt by November 30, 2018 by taking certain actions. She was also given the opportunity to request the appointment of counsel, which she did not do. In accordance with the notice served upon respondent, a purge hearing was held on December 4, 2018. Respondent did not appear and she failed to purge her contempt. A daytime-only warrant for her arrest is being issued simultaneously with this order. This order will be personally served on respondent.

As set forth in the arrest warrant, upon her arrest, respondent will be brought to the Superior Court, Rutland Unit, Criminal/Family Division for a hearing before the Justices of the Vermont Supreme Court, or some of them. The superior court will contact the Vermont Supreme Court and the trustee in this case, Jess Schwidde, Esq. after being notified of respondent's arrest. Unless otherwise ordered by the Supreme Court, respondent will be held at the superior court until the arrival of the trustee in this matter, Jess Schwidde, Esq., and a hearing shall be held. Unless otherwise ordered, Respondent will be released from custody following the hearing if she does the following, to the extent not addressed during the hearing, to purge her contempt:

Consistent with the trustee's Demand Letter of May 7, 2018, with respect to pending Vermont matters immediately:

1. Provide a list of the names, addresses, phone numbers, and emails for all Vermont clients being represented in all pending matters (and shall call attention to any urgency for action on the client's part);

2. Provide a list of the names, addresses, phone numbers, and emails for any co-counsel in pending maters; and

3. Provide a list of the names, addresses, phone numbers, and emails for any opposing counsel in pending matters, or in the absence of such counsel, the names and addresses of adverse parties.

Respondent must also immediately:

1. Provide a list of the names, addresses, phone numbers, and emails for all Vermont clients for whom she has papers, other property, and files; and

2. Provide a description of the contents of papers or other property to which the clients are entitled to have returned to them, including and not limited to original documents, deeds, wills, trusts for the return of said papers, other property and files.

She must also immediately provide the trustee with an accounting of client funds, specifically:

1. Provide a list of the names, addresses, phone numbers, and emails for all Vermont clients for whom she is holding funds in IOLTA accounts; and

2. Provide a list of the names, addresses, phone numbers, and emails for all Vermont clients and accounting for any fees paid in advance which have not been earned.

After providing such information to the trustee, and after her release, respondent shall immediately allow the trustee to have physical access to the files of her Vermont clients at the location where the files are kept.

**\*\*If respondent fails to comply with ANY of these purge conditions, she is subject to re-arrest and incarceration until she fully complies with this Court's order.\*\***

The trustee is directed to file an affidavit with this Court of respondent's compliance or noncompliance with these purge conditions within one business day of respondent's arrest.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice

2